**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 29 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10120 |
| Plaintiff-Appellee, | D.C. No. 5:15-cr-00110-LHK-1 |
| v. | |
| JOSE GARCIA-GALIANA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted May 21, 2019**

Before: THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Jose Garcia-Galiana appeals from the district court's judgment and

challenges the 51-month sentence imposed following his guilty-plea conviction for

illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Garcia-Galiana contends that the district court erred in applying a 16-level crime-of-violence sentencing enhancement because his prior conviction for assault with a deadly weapon in violation of California Penal Code § 245(a)(1) is not a categorical crime of violence under U.S.S.G. § 2L1.2(b)(1)(A) (2015). Garcia-Galiana's argument is foreclosed by *United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1065-68 (9th Cir. 2018), which was decided after the briefing in this case was complete. In *Vasquez-Gonzalez*, this court held that section 245(a)(1) is a categorical crime of violence under 18 U.S.C. § 16(a). *See id.* at 1068. Because the language of section 16(a) is identical in relevant part to the definition contained in section 2L1.2(b)(1)(A)(ii) cmt. n.1(B)(iii), the district court properly imposed the enhancement.

Garcia-Galiana also contends that the district court procedurally erred by failing to acknowledge its authority to disagree with the Guidelines on policy grounds, relying on improper considerations, and failing to address his sentencing arguments. The court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 & n.3 (9th Cir. 2010). The record shows that the court listened to Garcia-Galiana's policy-based arguments and agreed that the Guidelines range was too high as applied to him. Moreover, the court considered and discussed Garcia-Galiana's mitigating arguments, including his young age at the time he sustained the assault conviction, in imposing a 26-month downward

variance. Finally, the court adequately explained the sentence by reference only to proper sentencing considerations under 18 U.S.C. § 3553(a). The court satisfied its procedural obligations. *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752-53 (9th Cir. 2011).

Garcia-Galiana lastly contends that the sentence is substantively unreasonable in light of his mitigating circumstances and his cultural assimiliation in the United States.[1] The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the section 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**

---

[1] Insofar as Garcia-Galiana challenges the district court's denial of his request for a downward departure based on cultural assimilation, we review that claim only as part of our review of the overall reasonableness of the sentence. *See United States v. Vasquez-Cruz*, 692 F.3d 1001, 1008 (9th Cir. 2012).

16-10120